UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIELD CALHOUN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-752** |
| **LEON CANNIZZARO, ET AL.** | **SECTION: "G"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Field Calhoun, a state inmate, filed this civil action pursuant to 42 U.S.C. § 1983. He sued Orleans Parish District Attorney Leon Cannizzaro, the Innocence Project of New Orleans, and George Toca. In this lawsuit, plaintiff claims that his rights have been violated as a result of the defendants' actions in wrongfully conspiring to have the United States Supreme Court dismiss Toca's petition for a writ of certiorari.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Plaintiff's claims are founded on the defendants' actions in George Toca's state criminal case. Based on a crime committed when he was a minor, Toca was convicted of second degree murder under Louisiana law and sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence. Many years later, he sought collateral review in the state courts, arguing that his sentence was illegal under Miller v. Alabama, 132 S. Ct. 2455 (2012).[2] After being granted relief by the state district court, Toca was ultimately denied relief by the Louisiana Supreme Court, which held:

> The district court's order granting respondent's Motion to Correct an Illegal Sentence is reversed. The decision in Miller v. Alabama, 567 U.S. –, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), does not apply retroactively in respondent's case. See State v. Tate, 12-2763 (La. 11/5/13); 130 So.3d 829, cert. denied, Tate v. Louisiana, No. 13-8915, – U.S. –, 134 S.Ct. 2663, 189 L.Ed.2d 214, 2014 WL 834279 (May 27, 2014).

State v. Toca, 141 So.3d 265 (La. 2014). The United States Supreme Court then granted Toca's petition for a writ of certiorari on two issues: "1) Does the rule announced in Miller v. Alabama, 567 U.S. –, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), apply retroactively to this case? 2) Is a federal question raised by a claim that a state collateral review court erroneously failed to find a Teague exception?" Toca v. Louisiana, 135 S.Ct. 781 (2014). However, after the Supreme Court agreed to hear the case, the Orleans Parish District Attorney's Office offered to have Toca's original conviction vacated and arrange for his immediate release if he would agree to plead guilty to lesser charges. Toca agreed, and he has since been released. Based the foregoing and on the stipulation of the parties, the United States Supreme Court then dismissed Toca's writ of certiorari. Toca v. Louisiana, No. 14-6381, 2015 WL 507612 (U.S. Feb. 3, 2015).

---

[2] In Miller, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller, 132 S. Ct. at 2460.

Plaintiff complains that, due to the defendants' actions, the United States Supreme Court will, at least for the moment, leave unresolved the issue of whether <u>Miller</u> is to be applied retroactively on collateral review. He opines that he is harmed as a result, because, if <u>Miller</u> is applied retroactively, he would be entitled to relief in his criminal case. However, plaintiff's claims fail for the following reasons.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

Here, the defendants' actions in Toca's case in no way violated *plaintiff's* rights. He was not a party to Toca's case, he has no standing to challenge Toca's plea bargain and release, and he has no right to have Toca's case decided by the United States Supreme Court. If plaintiff, like Toca, was of the opinion that his sentence was illegal under <u>Miller</u>, his recourse was to file his own state post-conviction application raising that claim and, if unsuccessful, to file a petition for a writ of certiorari with the United States Supreme Court and/or a petition seeking federal *habeas corpus* relief.[3]

---

[3] The Court is aware that plaintiff has previously sought and been denied federal *habeas corpus* relief on different grounds. <u>Calhoun v. Cain</u>, Civ. Action No. 99-1118 (W.D. La. Aug. 21, 1999). However, 28 U.S.C. § 2244 allows a prisoner to seek authorization to file a "second or successive" *habeas* petition, and the United States Fifth Circuit Court of Appeals has been granting authorization to file such petitions raising <u>Miller</u> claims. See, e.g., *In re* Tapp, No. 14-31236 (5th Cir. Nov. 24, 2014).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this eleventh day of March, 2015.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.